2018 Apr-05 PM 04:29
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| CARL R. ARRINGTON, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:17-CV-1585-KOB |
| ) | |
| MONSANTO CHEMICAL, ) | |
| ) | |
|     Defendant. ) | |

# MEMORANDUM OPINION

This matter comes before the court on Defendant Monsanto Chemical's "Motion to Dismiss." (Doc. 8). Plaintiff Arrington, *pro se*, filed this case against Monsanto, alleging Monsanto contaminated the drinking water in the Anniston, Alabama area, which caused him to develop Leukemia. Monsanto filed a motion to dismiss Mr. Arrington's claims pursuant to Fed. R. Civ. P. 12(b)(6), asserting that Alabama's statute of limitations bars his claims. Monsanto further argues that Mr. Arrington's claims are time-barred even if the Comprehensive Environmental Response, Compensation, and Liability Act of 1980 preempts Alabama law and provides a later commencement date for the limitations period.

Because the court finds that it is not apparent from the face of the complaint that Mr. Arrington's claims are untimely, the court concludes that Monsanto's

1

motion to dismiss is due to be DENIED.

**I. FACTUAL BACKGROUND**

Mr. Arrington is a United States Army veteran who was stationed at Fort McClellan in Anniston, Alabama for "several months." His complaint does not specify when he was stationed there, only that the fort "was recognized as an active duty military base from January 1, 1935 to May 20, 1999." (Doc. 1 at 8).

In 2003, Monsanto Chemical, and its spinoff company, Solutia, settled a lawsuit brought by more than 20,000 residents of Anniston, Alabama for claims that Monsanto had contaminated that area's drinking water with polychlorinated biphenyls, which are toxic to the human body. (*Id.*) Mr. Arrington asserts that he consumed much of the contaminated water while living in the Anniston area as a soldier, and the chemicals caused him to develop Leukemia years later. (*Id.*).

Mr. Arrington learned of the 2003 settlement between Monsanto and the Anniston residents in May 2017. (*Id.*). He filed this suit on September 15, 2017.

**II. STANDARD OF REVIEW**

A Rule 12(b)(6) motion to dismiss attacks the legal sufficiency of the complaint. Generally, the Federal Rules of Civil Procedure require only that the complaint provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it

rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (quoting Fed. R. Civ. P. 8(a)). A plaintiff must provide the grounds of her entitlement, but Rule 8 generally does not require "detailed factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley*, 355 U.S. at 47). It does, however, "demand[ ] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal* 556 U.S. 662, 678 (2009). Pleadings that contain nothing more than "a formulaic recitation of the elements of a cause of action" do not meet Rule 8 standards nor do pleadings suffice that are based merely upon "labels or conclusions" or "naked assertions" without supporting factual allegations. *Twombly*, 550 U.S. at 555, 557.

The Supreme Court explained that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting and explaining its decision in *Twombly*, 550 U.S. at 570). To be plausible on its face, the claim must contain enough facts that "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although "[t]he plausibility standard is not akin to a 'probability requirement,'" the complaint must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are

merely consistent with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). If the court determines that well-pleaded facts, accepted as true, do not state a claim that is plausible, the claim must be dismissed. *Id.*

### III. DISCUSSION

Monsanto argues that Alabama's statute of limitations for claims involving exposure to hazardous chemicals bars Mr. Arrington's claims because the statute required him to bring those claims within two years of his last exposure to the chemicals. Monsanto further argues that Mr. Arrington's claims are time-barred even if CERCLA's federally required commencement date applies to extend the limitations period because Mr. Arrington reasonably should have known that Monsanto's alleged contamination caused or contributed to his personal injuries more than two years before he filed this lawsuit.

The court first recognizes that "[a] statute of limitations bar is an affirmative defense, and . . . plaintiffs are not required to negate an affirmative defense in their complaint." *La Grasta v. First Union Securities, Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (internal quotation marks omitted). Also, "a Rule 12(b)(6) dismissal on statute of limitations grounds is appropriate only if it is apparent from the face of the complaint that the claim is time-barred." *Id.* (internal quotation marks omitted).

Therefore, a statute of limitations defense is generally not appropriate for evaluation on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). *McMillian v. AMC Mortg. Services, Inc.*, 560 F.Supp. 1210, 1213 (S.D. Ala. 2008).

Because this court sits in diversity, Alabama substantive law, including the statute of limitations, presumptively governs these proceedings. *See Mississippi Valley Title Ins. Co. v. Thompson*, 802 F.3d 1248, 1251 n.2 (11th Cir. 2015). Alabama law imposes a two-year statute of limitations for personal injury claims. Ala. Code § 6–2–38(l). The two-year period begins to run as to toxic substance exposure claims "only when there has occurred a manifest, present injury." *Griffin v. Unocal Corp.*, 990 So. 2d 291, 293 (Ala. 2008) (quoting and adopting as its opinion the reasoning in Justice Harwood's dissent in *Cline v. Ashland, Inc.*, 970 So.2d 755, 773 (Ala. 2007)). An injury is manifest when it "has evidenced itself sufficiently that its existence is objectively evident and apparent, even if only to the diagnostic skills of a physician." *Cline*, 970 So. 2d at 773 (Harwood, J., dissenting).

However, Alabama uses two different commencement dates for limitations periods, depending on when the injuries manifested. For those persons whose injuries manifested before January 26, 2006, the two-year limitations period is deemed to have commenced on the date of the individual's last exposure to the

toxic chemicals. *Griffin v. Unocal Corp.*, 990 So. 2d 291, 293 (Ala. 2008). But for those injuries that manifested on or after January 26, 2006, the limitations period is deemed to have commenced on the date of their "manifest, present injury." *Id. See also Jerkins v. Lincoln Elec. Co.*, 103 So. 3d 1, 5 (Ala. 2011).

In addition to the possible commencement dates under Alabama law, CERCLA provides that if the applicable state-law limitations period "provides a commencement date which is earlier than the federally required commencement date, such period shall commence at the federally required commencement date in lieu of the date specified in such State statute." 42 U.S.C. § 9658(a)(1). The FRCD is defined by the law as "the date the plaintiff knew (or reasonably should have known) that the personal injury or property damages ... were caused or contributed to by the hazardous substance or pollutant or contaminant concerned." 42 U.S.C. § 9658(b)(4)(A). The U.S. Supreme Court has deemed this provision a "discovery rule" and noted that the rule unquestionably preempts conflicting state statutes of limitations. *CTS Corp. v. Waldburger*, 134 S.Ct. 2175, 2180 (2014).

Therefore, if Alabama's commencement date for its limitations period occurred before Mr. Arrington knew or reasonably should have known that Monsanto caused or contributed to his alleged injuries, then CERCLA's FRCD would apply. The preemption's practical effect is that Mr. Arrington's claims could

6

be timely under the FRCD even if Alabama's limitations period ran out years before he filed this particular action.

As noted above, the FRCD for the limitations period is the date on which Mr. Arrington knew or reasonably should have known that Monsanto's alleged actions contributed to or caused his injuries. Mr. Arrington asserts that he did not know, and should not have reasonably known, that Monsanto's alleged contamination of his drinking water caused or contributed to his personal injuries until May 2017 when he learned of Monsanto's $700 million settlement with more than 20,000 Anniston, Alabama residents. If the court accepts that fact as true—which it is required to do at the motion to dismiss stage—Alabama's two-year statute of limitations did not commence until May 2017, merely four months before Mr. Arrington filed this suit.

To combat Mr. Arrington's CERCLA argument, Monsanto argues that Mr. Arrington either knew or reasonably should have known about Monsanto's settlement with the Anniston residents well before May 2017. In support of this proposition, Monsanto notes that when applying the FRCD, "[a] key point . . . is that a plaintiff must be diligent in discovering the critical facts." *LaBauve v. Olin Corp.*, 231 F.R.D. 632, 659 (S.D. Ala. 2005). In other words, a plaintiff cannot be said to have "not reasonably known" that his rights were violated if the plaintiff's

due diligence would have unveiled that fact. Based on this premise, Monsanto argues that "[i]n light of extensive national publicity that has surrounded the issue of PCB contamination in the Anniston area for two decades, this Court must conclude that a reasonable person would have known about the claims Plaintiff now brings more than two years before this lawsuit was filed." (Doc. 14 at 3).

Monsanto urges the court to consider the extensive media coverage of its settlement with the Anniston residents to find that Mr. Arrington could not have reasonably been uninformed of the settlement that occurred some 15 years before he filed this suit. While Monsanto's argument and evidence could eventually prove correct, both are premature. As previously noted, a district court may only dismiss a complaint on statute of limitations grounds pursuant to Rule 12(b)(6) when "it is apparent from the face of the complaint" that the claims are untimely. *La Grasta v. First Union Securities, Inc.*, 358 F.3d 840, 845 (11th Cir. 2004).

This court is persuaded that a jury could reasonably find that Mr. Arrington, who only lived at Fort McClellan for several months, did not know, and had no reason to know, about the contaminated drinking water in Anniston, Alabama until May 2017. While discovery could reveal facts tending to show otherwise, the court does not find it apparent on the face of the complaint that Mr. Arrington's claims are untimely. Therefore, Monsanto's motion to dismiss is due to be DENIED.

The court will enter a separate Order consistent with this Memorandum Opinion.

**DONE** this 5th day of April, 2018.

_____
KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE